1  KYZEN LAW PC
   Q. Huy Do (State Bar No. 184462)
2  6203 San Ignacio Avenue, Suite 110
   San Jose, California 95119
3  Tel.:    415.691.7552
   Fax:     415.406.1881
4  Email:   huy@kyzenlaw.com

5  Attorneys for Plaintiff THANH SON TRAN,
   an individual

6

7  **UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

8

9  **THANH SON TRAN, an individual, and**      No. _____ 5:25-cv-10326
   **ONE AMO, INC., a Delaware corporation**
10 **(derivatively by shareholder Thanh Son**   **VERIFIED COMPLAINT FOR**
   **Tran),**
                                                1. Misappropriation of Trade Secrets
11                                                 (Defend Trade Secrets Act, 18
                                                   U.S.C. § 1836)
12               Plaintiffs,                     2. Breach of Written Contract (March
                                                   3, 2021 Founder Invention & Non-
13       v.                                        Disclosure Agreement)
                                                3. Breach of Fiduciary Duty (Direct
14 **MINH DUC PHAM, an individual,**               and Derivative)
   **WONDER RATES, INC., a California**         4. Unfair Competition (Cal. Bus. &
15 **corporation, and DOES 1–10**                  Prof. Code § 17200 et seq.)
                                                5. Accounting
16               Defendants.                     **DEMAND FOR JURY TRIAL**

17

18

19       COMES NOW Plaintiff **THANH SON TRAN** complains of **MINH DUC PHAM**

20 and **WONDER RATES, INC** (collectively "Defendants") as follows:

21                         **I.      INTRODUCTION**

22       1.     This is a case of one co-founder, Defendant Minh Duc Pham, secretly cloning the

23 technology stack, customer database, and business of the company he co-founded with

24 Plaintiff Thanh Son Tran and diverting everything to Defendant Wonder Rates, Inc., a

25 competing entity Defendant Minh Duc Pham controls.

26       2.     On March 3, 2021, both founders executed identical, reciprocal Founder Invention

and Non-Disclosure Agreements with One Amo, Inc. ("One Amo") that (i) assign to the Company all Developments created during Service, (ii) prohibit use of One Amo's Proprietary Information for any non-One Amo purpose, (iii) expressly prohibit use of any third-party proprietary information (including Plaintiff Mr. Tran's BiFrost code) entrusted to the founder in the course of One Amo's business, and (iv) contain an express contractual admission that any breach causes irreparable harm and entitles the Company to injunctive relief without bond and without proof that monetary damages are adequate (§ 7(a)).

## II.      THE PARTIES

3.      Plaintiff Thanh Son Tran ("Plaintiff" or "Mr. Tran") resides in Santa Clara County, California. He is co-founder, CTO, Secretary, a director, and 42.5% shareholder of One Amo.

4.      Nominal Plaintiff One Amo, Inc. ("One Amo") is a Delaware corporation with its principal place of business in Santa Clara County, California.

5.      Defendant Minh Duc Pham ("Mr. Pham") resides in Santa Clara County, California. He is co-founder, President, a director, and 57.5% shareholder of One Amo. He is also the sole founder and controlling person of Defendant Wonder Rates, Inc.

6.      Defendant Wonder Rates, Inc. ("Wonder Rates") is a California corporation with its principal place of business in Sunnyvale, California.

7.      The true names and capacities of defendants sued herein as Does 1 through 20 are unknown to Plaintiff, who therefore sue said defendants by such fictitious names (the "Doe Defendants").  Plaintiff will seek leave of Court to amend this complaint to state their true names and capacities when they have been ascertained.  Plaintiff is informed and believe and, on that basis, allege that the Doe Defendants are liable to Plaintiffs as a result of their participation in all or some of the acts, as hereinafter set forth.

## III.      JURISDICTION AND VENUE

8.      This Court has federal-question jurisdiction under 28 U.S.C. § 1331 (DTSA) and supplemental jurisdiction over the state-law claims.

9.     Venue is proper in the San Jose Division because a substantial part of the events occurred in Santa Clara County.

### IV.        DERIVATIVE ALLEGATIONS

10.    Plaintiff Thanh Son Tran was a shareholder of One Amo at the time of the transactions complained of and has continuously held 42.5% of the outstanding shares since formation.

11.    This action is not a collusive one to confer jurisdiction that the Court would otherwise lack.

12.    Demand is futile and excused because Mr. Pham is the alleged wrongdoer, controls the board, faces a substantial likelihood of liability, and has a direct financial interest in Wonder Rates, which is adverse to One Amo.

### V.        FACTUAL ALLEGATIONS

13.    In late 2020, Mr. Tran and Mr. Pham co-founded One Amo to build an automated mortgage-rate shopping, lead-generation platform, an AI mortgage advisor chatbot, and a loan processing platform.

14.    Before One Amo existed, Mr. Tran independently developed BiFrost, a general-purpose software framework not specific to mortgage lending. BiFrost was therefore not required to be listed on Exhibit A of the March 3, 2021 agreements and remains Mr. Tran's personal property.

15.    Mr. Tran contributed the BiFrost codebase to One Amo and disclosed it fully to Mr. Pham solely in the course of One Amo's business.

16.    On March 3, 2021, both founders executed identical Founder Invention and Non-Disclosure Agreements with One Amo (true and correct copies attached as Exhibit A – Mr. Tran's agreement; Exhibit B – Mr. Pham's agreement).

17.    Beginning no later than November 2024, Mr. Pham and Wonder Rates secretly copied One Amo's core source-code, including the core BiFrost framework, all mortgage-

specific rate-engine logic, proprietary rate optimization algorithm, proprietary debt to income ration optimization algorithm, pricing algorithms, chatbot flows, UI/UX, broker database schemas, loan processing flow, and customer/broker databases containing sensitive personal information; and is prepared to deploy an identical platform at Wonder Rates.

18.   Wonder Rates is now operating a substantially identical platform like One Amo, using One Amo's UI/UX, technology and data.

19.   Mr. Pham has diverted substantial revenue and corporate opportunities that belong to One Amo to Wonder Rates without board or shareholder approval.

**FIRST CLAIM FOR RELIEF**

**Misappropriation of Trade Secrets Act, 18 U.S.C. § 1836 (Against Both Defendants)**

20.   Plaintiff incorporates all preceding paragraphs.

21.   One Amo's source code (including BiFrost integrations and mortgage-specific layers), rate-engine algorithms, pricing logic, broker database schema, customer data, and related know-how constitute trade secrets.

22.   These trade secrets derive independent economic value from not being generally known or readily ascertainable.

23.   One Amo took reasonable measures to maintain their secrecy, including execution of the March 3, 2021 confidentiality agreements.

24.   Defendants acquired these trade secrets by improper means, including breach of the confidentiality obligations owed to One Amo and Mr. Tran.

25.   Defendants used and continue to use these trade secrets without express or implied consent.

26.   Defendants knew or had reason to know that their knowledge of the trade secrets was acquired under circumstances giving rise to a duty to maintain secrecy.

27.   Defendants' misappropriation was willful and malicious.

28.   Plaintiffs have been damaged in an amount exceeding $50 million and are entitled to

exemplary damages and attorneys' fees.

**SECOND CLAIM FOR RELIEF**

**Breach of Written Contract (Against Minh Duc Pham Only)**

29.   Plaintiff incorporates all preceding paragraphs.

30.   Mr. Pham executed the March 3, 2021 Founder Invention and Non-Disclosure Agreement (Exhibit B).

31.   That agreement prohibits Mr. Pham from using One Amo's Proprietary Information for any purpose other than performance of his duties to One Amo (§ 2(a)).

32.   That agreement separately and expressly prohibits Mr. Pham from using third-party proprietary information (including Mr. Tran's BiFrost code) entrusted to him in the course of One Amo's business (§ 2(c)).

33.   That agreement requires return or destruction of all materials upon termination (§ 2(b)).

34.   Mr. Pham breached each of these provisions by copying and deploying One Amo's and Mr. Tran's code and data to Wonder Rates.

35.   The agreement expressly states that any breach causes irreparable harm and entitles One Amo to injunctive relief without bond (§ 7(a)).

36.   Plaintiffs have been damaged by Mr. Pham's breaches in an amount exceeding $50 million.

**THIRD CLAIM FOR RELIEF**

**Breach of Fiduciary Duty (Direct and Derivative) (Against Minh Duc Pham Only)**

37.   Plaintiff incorporates all preceding paragraphs.

38.   As majority shareholder and director of a closely held Delaware corporation, Mr. Pham owes fiduciary duties of loyalty and care to One Amo and to minority shareholder Mr. Tran.

39.    Mr. Pham breached those duties by secretly cloning One Amo's technology and diverting its business opportunities to Wonder Rates.

40.    Mr. Pham's breaches were willful and in bad faith.

41.    Plaintiffs have been damaged by these breaches in an amount exceeding $50 million.

**FOURTH CLAIM FOR RELIEF**

**Unfair Competition – Cal. Bus. & Prof. Code § 17200 (Against Both Defendants)**

42.    Plaintiff incorporates all preceding paragraphs.

43.    Defendants' conduct is unlawful, unfair, and fraudulent business acts or practices.

44.    Plaintiffs are entitled to restitution, disgorgement, and injunctive relief.

**FIFTH CLAIM FOR RELIEF**

**Accounting**

45.    Plaintiff incorporates all preceding paragraphs.

46.    An accounting is necessary to determine the full extent of profits, revenue, and opportunities diverted by Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against DEFENDANTS, and each of them, jointly and severally, as follows:

47.    Compensatory damages according to proof (believed to exceed $50,000,000);

48.    Exemplary damages and attorneys' fees under the DTSA;

49.    Preliminary and permanent injunction against Defendants, and their agents, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from continuing their illegal misconduct;

50.    Constructive trust over Wonder Rates and its profits;

51.    Disgorgement and accounting;

52.    Costs, including prejudgment interest according to law, or any further relief as the Court may deem just and proper.

1 | DATED:  December 1, 2025                                KYZEN LAW PC

2

3                                                                              /s/

4                                                        By: _____
                                                                      Q. Huy Do
5                                                           Attorney for Plaintiff THANH SON TRAN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**DEMAND FOR TRIAL BY JURY**

Plaintiff THANH SON TRAN hereby demands trial by jury on all issues of fact.

DATED: December 1, 2025                        KYZEN LAW PC


By: _____
                            /s/
                        Q. Huy Do
        Attorney for Plaintiff THANH SON TRAN

8-Complaint

**VERIFICATION**

I, Thanh Son Tran, declare:

    1.  I am a plaintiff in the above-entitled action and a shareholder of One Amo, Inc.

    2.  I have read the foregoing Verified Complaint and know the contents thereof.

    3.  The same is true of my own knowledge, except as to those matters stated upon information and belief, and as to those matters I believe them to be true.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

    Executed on November 30, 2025, at Milpitas, California.

DATED: November 30, 2025               THANH SON TRAN

By: _____
                      Thanh Son Tran, Plaintiff

# CORPORATE PARTY DISCLOSURE STATEMENT

Pursuant to Federal Rules of Civil Procedure 7.1, Plaintiff ONE AMO, INC. states that it does not have any parent corporation and there is no publicly held corporation that owns 10% or more of its stock.

DATED: November 30, 2025                                    One Amo, Inc.

By: _____
           Thanh Son Tran, Secretary and CTO

10-Complaint

1

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

2    Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

3    named parties, there is no such interest to report.

4

5

6    DATED: December 1, 2025                          KYZEN LAW PC

7

8                                                                    /s/
                                        By: _____
9                                                          Q. Huy Do
                                              Attorney for Plaintiff THANH SON TRAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26