**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

THANH SON TRAN, et al.,

          Plaintiffs,

    v.

MINH DUC PHAM, et al.,

          Defendants.

Case No.  5:25-cv-10326-BLF

**ORDER GRANTING SEALING MOTIONS**

[Re: ECF Nos. 46, 48]

Plaintiff filed an administrative motion to file under seal portions of its preliminary injunction motion brief, ECF No. 47, and one exhibit filed therewith.  *See* ECF No. 46 ("Pl. Mot.").  Defendant filed an administrative motion to file under seal two exhibits filed with its opposition to Plaintiff's motion for a preliminary injunction, ECF No. 49.  See ECF No. 48 ("Def." Mot.").  Neither Party has filed an opposition motion.  The Court GRANTS Plaintiff's motion and GRANTS Defendant's motion.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099–101 (9th Cir. 2016); *accord Kamakana*, 447 F.3d at 1178–80.

United States District Court
Northern District of California

In this district, all parties requesting sealing must comply with Civil Local Rule 79-5, which requires, *inter alia*, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Civil Local Rule 79-5 also requires that the moving party provide "evidentiary support from declarations where necessary," Civ. L.R. 79-5(c)(2), and that the proposed order be "narrowly tailored to seal only the sealable material," Civ. L.R. 79-5(c)(3).

Plaintiff's motion relates to a transcript of a "recorded in-person private meeting that was produced during the expedited discovery authorized under the Court's Temporary Restraining Order" and was "designated 'CONFIDENTIAL pursuant to the SPO." Pl.'s Mot. at 2. Plaintiff seeks to seal portions of the preliminary injunction motion citing the transcript, as well as the exhibit containing the transcript, asserting that disclosure of this information would expose proprietary business methods and decisionmaking.. *See id.* Defendant's motion relates to information pertaining to certain immigration documents and financial information. *See* Def.'s Mot. at 2. Specifically, Defendant seeks to seal two exhibits, one relating to "Defendants' payment sponsorship of the H1-B visa application and documentation of Plaintiff" and one containing "payment information to independent contractors, copies of W2 wage & tax statements issued to Plaintiff[,] and vendor account information," asserting that disclosure of this information would "invade confidential, personal, and privacy interests." *Id.*

"Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports.'" *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. 2021); *accord Laatz v. Zazzle, Inc.*, No. 22-cv-04844-BLF, 2023 WL 4983670, at *2 (N.D. Cal. Aug. 3, 2023). In addition, courts in this district regularly grant sealing motions when parties have demonstrated compelling reasons that such sealing is necessary "to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund v. Oracle Corp.*, No 01-cv-00988-MJJ, 2007 WL 3232267,

at *2 (N.D. Cal. Nov. 1, 2007) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1134 (9th Cir. 2003).

The Court finds that the Parties have established compelling reasons to seal the information referenced in their respective motions.  Plaintiff has demonstrated that the information it seeks to seal would reveal internal business and financial decision-making strategies whose disclosure would cause harm to Plaintiff relative to its competitors and future business partners.  Defendant has similarly demonstrated that the information it seeks to seal would reveal internal business information, in addition to sensitive personal information whose disclosure would harm the Parties' privacy interests.  The motions are sufficiently narrowly tailored in the relief that they seek.  The Court accordingly GRANTS the motions and ORDERS the following to be maintained under seal.

| ECF No. | Document | Portion to Seal | Reason |
|---|---|---|---|
| 47 | Plaintiff's Motion for Preliminary Injunction | 18:4–19:6 | The information contains sensitive financial information, disclosure of which would reveal internal business and financial strategies. |
| 47-2 | Exhibit No. 1 to Tran Declaration in Support of Plaintiff's Motion for Preliminary Injunction | Entire Document | The information contains sensitive financial information, disclosure of which would reveal internal business and financial strategies. |
| 49-2 | Exhibit No. 1 to Pham Declaration in Support of Opposition to Plaintiff's Motion for Preliminary Injunction | Entire Document | The information contains sensitive personal information, disclosure of which would invade privacy interests and confidential financial information. |
| 49-5 | Exhibit No. 4 to Pham Declaration in Support of Opposition to Plaintiff's Motion for Preliminary Injunction | Entire Document | The information contains sensitive personal information, disclosure of which would invade privacy interests and |

United States District Court
Northern District of California

| | | | confidential financial information. |
|---|---|---|---|

**IT IS SO ORDERED.**

Dated:  March 19, 2026

_____
BETH LABSON FREEMAN
United States District Judge