# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| THANH SON TRAN, et al., | Case No.  5:25-cv-10326-BLF |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFF'S ADMINISTRATIVE SEALING MOTION** |
| MINH DUC PHAM, et al., | |
| Defendants. | [Re: ECF Nos. 51, 52] |

Plaintiff filed two duplicate administrative motions—which the Court rules on in this single order—to file under seal portions of its reply in support of its motion for a preliminary injunction, ECF No. 50.  *See* ECF Nos. 51, 52 ("Mot.").  Defendant has not filed an opposition motion.  The Court DENIES Plaintiff's motion.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099–101 (9th Cir. 2016); *accord Kamakana*, 447 F.3d at 1178–80.

In this district, all parties requesting sealing must comply with Civil Local Rule 79-5, which requires, *inter alia*, the moving party to provide "the reasons for keeping a document under

United States District Court
Northern District of California

seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Civil Local Rule 79-5 also requires that the moving party provide "evidentiary support from declarations where necessary," Civ. L.R. 79-5(c)(2), and that the proposed order be "narrowly tailored to seal only the sealable material," Civ. L.R. 79-5(c)(3).

Plaintiff's motion relates to "(1) software development agreements, (2) contractual documents, and (3) excerpts of deposition transcripts referencing confidential discovery materials." Mot. at 2. Plaintiff argues that the exhibits it seeks to seal "contain non-public, competitively sensitive business information, including confidential software development terms, proprietary technical, and operational information, compensation-related structures, and materials designated 'CONFIDENTIAL.'" *Id.*

Plaintiff's request is overbroad, seeking to file under seal large portions of documents that contain no information that can properly can be considered sensitive business or personal information. Plaintiff is accordingly mistaken in its assertion that it has complied with the local rules' requirement to narrowly tailor the relief it seeks simply by virtue of "seek[ing] to seal only excerpts of the deposition transcript itself (or, if required, only the specific portions containing confidential and private material), rather than broader filings." Mot. at 3.

The motion is accordingly DENIED without prejudice to re-file a sealing motion seeking narrowly tailored relief in compliance with the local civil rules. This order terminates ECF Nos. 51, 52.

**IT IS SO ORDERED.**

Dated: April 9, 2026

BETH LABSON FREEMAN
United States District Judge

2