United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

THANH SON TRAN, et al.,

Plaintiffs,

v.

MINH DUC PHAM, et al.,

Defendants.

Case No.  5:25-cv-10326-BLF

**ORDER DENYING MOTION TO DISMISS, MODIFYING CASE CAPTION, AND EXTENDING TEMPORARY RESTRAINING ORDER**

[Re: ECF No. 38]

Defendant Minh Duc Pham moves to dismiss Plaintiff Thanh Son Tran's first verified amended complaint, ECF No. 33 ("FAC"), pursuant to Federal Rules of Civil Procedure 12(b)(7), 17(a), 19, and 23.1 for failure to properly join One Amo Inc. ("One Amo"), a corporation incorporated in Delaware.  ECF No. 38 ("Mot."); ECF No. 44 ("Reply").  Mr. Tran opposes the motion.  ECF No. 42 ("Opp.").  The Court heard oral argument on April 10, 2026.  ECF No. 69.

For the reasons stated on the record and set forth below, the motion is DENIED.

## I.      BACKGROUND

Mr. Tran initiated this trade secrets action on December 1, 2025, against Mr. Pham and Mr. Pham's company Wonder Rates, Inc. ("Wonder Rates").  ECF No. 1.  The FAC alleges that, after co-founding One Amo with Mr. Tran, Mr. Pham misappropriated proprietary technology from Mr. Tran and One Amo and diverted this value to Wonder Rates.  FAC ¶¶ 82–86.  The FAC states that "One Amo appears solely as a nominal real party in interest with respect to derivative claims pleaded pursuant to Rule 23.1" and that Mr. Tran "does not represent One Amo as counsel, does not seek relief against One Amo, and brings derivative claims only as a shareholder on behalf of the corporation."  *Id.* ¶ 6.  On December 17, 2025, the Court granted Mr. Tran's application for a temporary restraining order ("TRO") prohibiting Mr. Pham from copying, deploying, or

operating systems derived from Mr. Tran's "BiFrost" platform and One Amo's proprietary technology.  ECF No. 28.

In the motion, Mr. Pham argues that the FAC "does not properly name or join One Amo as the real party in interest in a way that allows the Court to adjudicate corporate claims, nor does it plead particularized facts supporting demand futility or Tran's adequacy as a representative."  Mot. at 3.  In the opposition, Mr. Tran responds that "Rule 17(a)'s 'real party in interest' requirement does not bar shareholder derivative actions brought pursuant to Federal Rule of Civil Procedure 23.1."  Opp. at 5.  The Court advanced the hearing on the motion to dismiss to the same date as the hearing of the motion for a preliminary injunction and heard oral argument on April 10, 2026.  ECF No. 66.

At the hearing, the Court indicated that it was inclined to deny the motion to dismiss and grant Mr. Tran's motion for a preliminary injunction.

## II.    LEGAL STANDARD

A party may move under Federal Rule of Civil Procedure 12(b)(7) to dismiss a claim for "failure to join a party under Rule 19."  Fed. R. Civ. P. 12(b)(7).  Rule 19 requires joinder of a party if that party's absence would prevent complete relief or would impede the absent party's ability to protect an interest relating to the subject of the action.  *Id.* 19(a); *see also Salt River Project Agr. Imp. & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012).  The federal rules further require that an action be prosecuted in the name of the real party in interest.  *See* Fed. R. Civ. P. 17(a).

A derivative suit is a procedural device to enforce a substantive corporate right that management will not pursue.  *See Ross v. Bernhard*, 396 U.S. 531, 538 (1970).  The federal rules require particularized pleading for derivative actions, including that the complaint state with particularity any effort made to obtain action from the directors or the reasons for not making the effort.  *See* Fed. R. Civ. P. 23.1.  A shareholder alleging derivative claims must plead specific facts showing why a pre-suit demand on the board would have been futile.  *Aronson v. Lewis*, 473 A.2d 805, 814 (Del. 1984).

## III.    DISCUSSION

United States District Court
Northern District of California

While the Court agrees with Mr. Pham that One Amo has not properly been joined to this action, this defect can be cured without dismissal.  The problem identified by Mr. Pham is that, as currently pleaded, the FAC shows One Amo as a nominal plaintiff without litigation authorization, rather than a nominal defendant.  Mot. at 5.  At the hearing, the Parties agreed that the matter is governed by Federal Rule of Civil Procedure 23.1 and that the proper course of action is to modify the case caption so that One Amo is named as a nominal defendant so that One Amo may determine whether, in accordance with Delaware Law, to obtain counsel upon service of the FAC.  As explained at the hearing, the Court agrees and further finds that the Parties' resolution is preferable to granting the motion to dismiss with leave to amend and pushing back the preliminary injunction hearing.

The FAC alleges that One Amo's board consisted of only two directors: Mr. Tran and Mr. Pham. FAC ¶ 18.  The FAC also sets forth particular factual allegations that Mr. Pham—who simultaneously served as One Amo's President, Secretary, Treasurer, majority shareholder, and director—personally misappropriated corporate assets and used them to develop and operate a competing venture.  *Id.* ¶¶ 18–22, 33–45.  The Court has no trouble in concluding that the FAC sufficiently pleads demand futility under the federal rules and Delaware law.  *Rales v. Blasband*, 634 A.2d 927, 934 (Del. 1993); *see also United Food & Commercial Workers Union v. Zuckerberg*, 262 A.3d 1034, 1059 (Del. 2021) (explaining that demand futility depends on context and board composition).

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED THAT

(1) The motion to dismiss is DENIED.

(2) The caption is hereby MODIFIED to remove One Amo as a nominal plaintiff and to add One Amo as a nominal defendant.

(3) The TRO is CONTINUED in full force to May 8, 2026, while Plaintiff's motion for a preliminary injunction is under submission.

(4) Plaintiff is ORDERED to meet and confer with Defendant regarding the provisions of the proposed preliminary injunction and to file a revised proposed preliminary

injunction order that addresses Defendant's concern regarding its ability to protect its customers' personal information no later than May 1, 2026, at 12:00 p.m.

(5) This order terminates ECF No. 38.

**IT IS SO ORDERED.**

Dated:  April 10, 2026

_____

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

4