United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THANH SON TRAN,
Plaintiff,
v.
MINH DUC PHAM, et al.,
Defendants.

Case No. 25-cv-10326-BLF (SVK)

**ORDER RE DISCOVERY DISPUTES AT DKT. 101, 102; SETTING DISCOVERY HEARING**

Re: Dkt. Nos. 101, 102

Before the Court are the Parties discovery submissions regarding 1) additional 30(b)(1) and 30(b)6 depositions of Defendant Pham; and 2) Defendants' responses to Requests for Admissions ("RFAs") and Requests for Production ("RFPs"). The Court's ruling on Dkt. 101 is set forth below. With regards to Dkt. 102, the Parties will benefit from an **in-person hearing on November 19, 2026 at 1:30 p.m.,** for which the Court sets forth certain rulings and guidelines below.

**I. Pham Depositions (Dkt. 101)**

Plaintiff deposed Defendant Pham in both his 30(b)(1) and 30(b)(6) capacity (for Defendant Wonder Rates) at the time of the preliminary injunction. In the Joint Submission, Plaintiff seeks leave for two additional full days of deposition, one in Pham's individual capacity and one as a 30(b)(6). Defendants seek to limit the timing and scope of any further depositions. Having considered the Parties' Joint Submission, the litigation history in this action and the relevant law, including the parameters of proportionality in Federal Rule of Civil Procedure 12(b)1, the Court **ORDERS** as follows:

1. Plaintiff may have one additional 7-hour deposition of Defendant Pham. Plaintiff may allocate the 7 hours between Pham's individual and 30(b)6 capacity as Plaintiff chooses. The

depositions are to be properly noticed and will take place after the hearing noticed in this Order and any subsequent supplemental production of documents and before the close of discovery on December 19, 2026.

2. Neither deposition is limited by topic.

3. Objections and instructions not to answer must conform to Federal Rule of Civil Procedure 30(c)(2).

**II. Defendants' Responses to RFAs and RFPs (Dkt. 102)**

First, the Court notes with alarm that Plaintiff has served a staggering number of RFAs: 250 directed to Defendant Pham individually and 122 RFAs directed to Defendant Wonder Rates. Dkt. 102-1; 102-2. Plaintiff's number of RFPs also cause the Court concern: 101 directed to Defendant Pham and 87 to Defendant Wonder Rates. Even though this is trade secret case, the dispute arises out of just two princpals, the company they formed, and one collection of trade secrets that Plaintiff brought with him to the venture. *See* Dkt. 82. Against this backdrop, the volume of discovery requests, particularly the RFAs, demonstrates that Plaintiff has failed to exercise sound judgment in selecting relevant and proportional subject matter for his discovery requests. The volume of requests also raises the concern of an improper use of an AI tool, in violation of Federal Rules of Civil Procedure 1 and 11. The Court may set a numerical limit on the number of RFAs and RFPs that either side may serve. To this end, Plaintiff must review his requests and be prepared to prioritize and make substantial reductions in the number of requests. Notwithstanding impending numerical limitations, the Parties will complete the tasks set forth in this Order.

Second, for many of the requests, the status of the Parties' mandatory, robust, meet and confer efforts are unclear. It appears that several categories of disputed requests were re-served on either September 23 or September 25, which would set Defendants' response dates 30 days later; however the Joint Submission was filed on October 19, 2025. Defendants also refer to having supplemented certain responses on October 12, 2026. Accordingly, to the extent there are updated responses about which the Parties have not yet engaged in robust meet and confer efforts as



United States District Court
Northern District of California

required by this Court's standing order, **they will do so no later than November 6, 2026**.

Third, turning to the specific categories of disputed requests, to facilitate the Parties' preparation for the in-person hearing, the Court provides the rulings and guidelines set forth below. In some instances, the Court has allowed filing of a **Supplemental Joint Statement in re Dkt. 102 which may address only the issues identified in this Order and which will be filed no later than November 13, 2026**.

- Categories A1, A3 and A4[1]: Parties are to meet and confer regarding Defendants' supplemental responses and be prepared to offer constructive compromises at the hearing;
- Category A2: Each RFA in this category begins with the phrase "During the 30(b)(6) DEPOSITION" and asks a Defendant to admit or deny that certain testimony was given. Defendants objected, *inter alia*, as to form. The Court **SUSTAINS** the objection and **STRIKES** this category of RFAs. It is not clear whether these RFAs are quoting or interpreting deposition testimony. To the extent it is the former, the certified deposition transcripts control. Further, while the underlying facts to which a Defendant testified may be proper subject matter for an RFA, whether or not that fact was affirmed in deposition is not. Fed. R. Civ. Pro. 36(a).
- Category A5: Defendant Pham claims to have supplemented his response to RFA 166 on October 12, 2026; the Parties are to meet and confer. Defendant Wonder Rates' objections to RFAs 12 and 13 are **OVERRULED**; Defendant to respond to these two RFAs **by October 30, 2026.**
- Category A6: These RFAs are directed to Defendant Pham and address the terms of the FOUNDER NDA. Defendant Pham's objections are not well taken; the document either contains the provision or it does not. Defendant's objections are **OVERRULED**, and Defendant is to respond to these 5 RFAs **by October 30, 2026**.
- Category B: Defendants claim to have supplemented their responses on October 12, 2026; Parties are to meet and confer. For guidance, the Court admonishes Defendants that at a

[1] The Joint Chart (Dkt. 102-5) is helpfully organized into categories, as are the Proposed Orders. The Joint Submission's organization by "Issues" is less helpful.



United States District Court
Northern District of California

minimum, they have sufficient information to respond to the RFAs directed to their own actions.

- Category C: Defendant Pham represents that he will make a limited production and agreed-upon run search terms. The status of these offers is not clear in the papers. Accordingly, first the Parties are to meet and confer to address the results of Defendant's limited production and the status of Defendant's search. If this Category remains in dispute, **each side may summarize their position in no more than a single page in the Supplemental Joint Submission** referenced above**.**
- Category D: The Joint Submission is unclear as to the status of Defendants' offer to give Plaintiff access to the systems in dispute to inspect responsive technical materials. Parties are to meet and confer to establish a protocol for either inspection or production. If the Parties are unable to agree, **each side may submit a brief description of their proposed protocol in the Supplemental Joint Statement** referenced above.
- Category E: The Parties' statements as to the status of search terms and agreement on a date for production are not consistent. The Parties are to meet and confer further and, if there remains a dispute regarding ESI search terms, **the Parties must include a joint chart setting forth each disputed term and a succinct summary of each sides' position regarding the term in the Supplemental Joint Statement** referenced above.
- Category F: The Court will address the timing and requirements for a privilege log at the hearing.

The Court encourages Plaintiff to seek free legal assistance from the Legal Help Center located in the San Jose courthouse. The Legal Help Center will not represent Plaintiff in this action but can provide basic legal assistance at no cost. Plaintiff can schedule an appointment by calling 408-297-1480 or emailing hsong@asianlawalliance.org. Plaintiff can find more information about the Legal Help Center at: https://cand.uscourts.gov/pro-se-litigants/. The court also provides a free guide, "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which provides instructions on how to proceed at every stage of the case, including discovery, motions and trial. Plaintiff can access the guide online (https://cand.uscourts.gov/wp-

content/uploads/2023/03/Pro_Se_Handbook_9-2024_MBB.pdf) or in hard copy free of charge from the Clerk's Office.

**SO ORDERED.**

Dated: October 27, 2026

Susan van Keulen

SUSAN VAN KEULEN
United States Magistrate Judge