United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THANH SON TRAN,
Plaintiff,
v.
MINH DUC PHAM, et al.,
Defendants.

Case No. 25-cv-10326-BLF (SVK)

**ORDER ON JOINT DISCOVERY SUBMISSION; TEMPORARY MODIFICATION OF THE PRELIMINARY INJUNCTION**

Re: Dkt. Nos. 102, 109

On November 19, 2026, the Court held an in-person hearing on the Parties' Joint Discovery Submission at Dkt. 102, as supplemented by the Parties in their Supplemental Joint Statement at Dkt. 109 following the Court's orders at Dkt. 105. After considering the submissions, the Parties' arguments at the hearing, the relevant law and the litigation history in this action, the Court ruled from the bench. A complete statement of the Court's reasoning is as set forth on the record and is only summarized here.

**<u>Issues Presented in Dkt. 109</u>**

1. **Production of personnel and financial records:** The Court finds that Plaintiff's compromise proposals, as further limited below, are relevant and proportional to the needs of the case.

   a. <u>Payments to personnel who worked on building One Amo Platform</u>: Defendants must produce payment records, with names and amounts redacted, showing an identifier for the employee, the date of payment and the account the payment came from (Pham or Wonder Rates).

   b. <u>Financial Records</u>:

      i. <u>Specific Zelle payments</u>: Plaintiff represented at the hearing that the Zelle payments are tied to approximately three loans. Plaintiff must identify the

relevant loans to Defendants. For each loan identified, Defendants must produce documents identifying the recipient and amount of the Zelle payment.

ii. Wonder Rates compensation from loans processed on the Platform: For compensation received by Wonder Rates for loans processed on the Platform, Defendants must produce info sufficient to show the loan identifier, loan amount, and commission/compensation amount.

2. **Inspection Protocol:** The Parties agree on the systems to be inspected by Plaintiff and Plaintiff's level of access. Dkt. 109. Defendants will grant Plaintiff access **no later than November 25, 2026.** To facilitate this access, the Preliminary Injunction (Dkt. 82) is **MODIFIED** as follows:

Defendant Pham, defense counsel of record, and any agent or vendor necessary to provide Plaintiff the agreed-upon access may access the agreed-upon databases and systems ONLY as follows:

- Such access is read-only, and all other activity, e.g., editing, updating, etc., shall be blocked, except as noted below.
- Such access shall allow persons with access to create deployment only as needed to restart and run the system.
- As previously agreed upon by the Parties, Plaintiff shall also have read-only access and shall not be given access to update or delete any material.
- Every access by either side shall be logged.

**As soon as Plaintiff has demonstrated that he has the agreed upon access to the agreed upon databases and systems, this relief from the Preliminary Injunction TERMINATES and Defendant Pham, defense counsel of record, and any agent or vendor necessary to provide Plaintiff the agreed**



United States District Court
Northern District of California

**upon access shall no longer have access to the databases and systems in accordance with the Preliminary Injunction.**

If the limited access provided is not sufficient to facilitate the inspection, the Parties must file either a stipulation or separate proposals with additional language following robust meet and confer efforts.

3. **ESI terms:** The Court took argument and issued rulings at the hearing. The rulings are summarized in Exhibit A. The rulings in Exhibit A summarize the revisions to ESI terms discussed at the hearing; the Court will not draft revised search terms for the Parties.

**Protective Order**

Given the number of discovery requests already served by Plaintiff and the volume of discovery disputes, the Court previously issued a protective order prohibiting Plaintiff from serving any additional written discovery requests before the November 19, 2026 hearing. Dkt. 107. At the hearing, Defendants requested that the protective order be extended, while Plaintiff asked for leave to serve additional written discovery requests. The Court **ORDERED** that Plaintiff may serve an additional 10 interrogatories directed to Defendant Pham and an additional 10 interrogatories directed to Defendant Wonder Rates.

**Deadlines and Schedule**

In anticipation that the Parties will submit a stipulation to Judge Freeman to extend the close of fact discovery, the Court set the following deadlines:

- Defendants will continue to produce documents on a rolling basis, including the personnel and financial records and ESI discussed in this Order.
- Document production will be complete by **December 15, 2026.**
- Defendants must serve a privilege log that complies with the requirements of the undersigned's Civil and Discovery Referral Matters Standing Order by **January 8, 2027.**

United States District Court
Northern District of California

Following discussion with the Parties, the Court recommended that the Parties propose the following revised case schedule in the stipulation they will submit to Judge Freeman, in order to allow for the additional discovery discussed in this Order while preserving the current dispositive motion filing deadline of February 22, 2027, and all following deadlines:

- Proposed close of fact discovery: January 15, 2027
- Proposed deadline for opening expert disclosures: January 22, 2027
- Proposed deadline for rebuttal expert disclosures: February 5, 2027
- Proposed close of expert discovery: February 12, 2027

The Parties may agree to adjust these dates but must maintain dispositive motion filing deadline of February 22, 2027.

**SO ORDERED.**

Dated: November 20, 2026

SUSAN VAN KEULEN
United States Magistrate Judge